# EXHIBIT 18

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **2300 PENNSYLVANIA AVENUE, LLC** | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:10cv1321-LOG-IDD** |
| | ) | |
| **HARKINS BUILDERS, INC.** | ) | |
| | ) | |
| **Defendant/Counter-Plaintiff.** | ) | |
| | ) | |

## PLAINTIFF 2300 PENNSYLVANIA AVENUE, LLC'S RULE 26(a)(1) DISCLOSURES

Plaintiff 2300 Pennsylvania Avenue, LLC (the "Owner" or "Plaintiff"), by counsel, in accordance with Fed. R. Civ. P. 26(a)(1), makes the following initial disclosures to Defendant Harkins Builders, Inc. ("Harkins"). The Owner has prepared its initial disclosures given the information reasonably available to the Owner to date and therefore reserves the right to supplement the information contained herein to the extent permitted by applicable federal and local rules. In this regard, the Owner notes that Harkins, as the Owner's Contractor on the Project that is subject of this lawsuit is currently in control and possession of much of the information that will inform the substance of the Owner's damages computation.

**Rule 26(a)(1)(A):**

> *The name and, if known, the address and telephone number of each individual likely to have discoverable information supporting its claims or defenses, unless solely for impeachment, identifying the subjects of the information.*

The nearly $19-million construction Project that is the subject of this lawsuit involved numerous individuals who may have some level of discoverable information regarding the Owner's claims and defenses, the vast majority of whom were engaged and/or employed, at

**Rule 26(a)(1)(B):**

> *A copy of, or a description by category and location of, all discoverable documents, data compilations, and tangible things that are in the possession, custody, or control of the party supporting its claims or defenses, unless solely for impeachment.*

All discoverable documents and data compilations that are in the Owner's possession, custody or control and are likely to support the Owner's claims and defenses, which essentially amounts to the Project records, including the Project contract documents, correspondence, meeting minutes, payment applications, quality/engineering/inspection reports, and the like, are located and/or accessible at 2300 Pennsylvania Avenue, LLC, 11951 Freedom Drive, 13th Floor, Reston, Virginia 20190 and/or Watt, Tieder, Hoffar & Fitzgerald, L.L.P., 8405 Greensboro Drive, Suite 100, McLean, Virginia, 22102. Discoverable tangible things may include portions of the Contract Work, itself, which would be located at the Project site. Plaintiffs reserve the right to supplement these disclosures if additional relevant and discoverable documents become known.

**Rule 26(a)(1)(C):**

> *A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 all discoverable documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.*

As set forth in its Complaint, the Owner has sustained damages in a number of categories, including liquidated damages for delay, diminution of the value of the Project, and repair, testing, inspection, remediation, administrative and other costs and expenses incurred, and to be incurred, by Owner as a direct result of Harkin's failures in performance of the Work. The Owner is continuing to investigate the full extent of its damages, as to which the Owner requires, among other things, an opportunity for its retained experts to inspect and analyze certain

allegedly remediated work on the Project site and documents requested but not yet produced in discovery from both Harkins and third-party Caffes-Steele. Such inspection and analysis is required to determine such damages categories as diminution of value and repair, testing, inspection, remediation and other costs and expenses. Additionally, as discovery proceeds it is becoming increasingly apparent that Harkins failed to disclose and/or concealed certain facts regarding its discovery of defects in its Contract work and its remediation procedures, and the Owner is currently investigating whether there is sufficient evidence to support a claim, and to warrant a corresponding amendment of its Complaint, for punitive or other extra-contractual damages, based upon knowing omissions and/or misrepresentations or other intentional conduct. Accordingly, a precise categorized computation of the Owner's damages will have to be provided by a supplement to this disclosure, at the time and in the manner required for expert disclosures and/or upon the completion of discovery.

That said, the Owner's best current approximation of damages, by category, is as follows:

Liquidated Damages……………………………………………………………………..$637,200

Testing Repair/Remediation Costs Incurred to Date……………………………………$167,000

Additional Repair/Remediation/Maintenance Costs regarding  Windows……………..$1,654,000

Additional Repair/Remediation/Maintenance Costs regarding Garage Waterproofing….$368,000

Additional Repair/Remediation/Maintenance Costs regarding Roof Issues……………$190,000

Additional Architectural/Engineering Costs……………………………………………..$350,000

Additional Construction Management Fee………………………………………………$150,000

Additional Zoning and Legal costs……………………………………………………$175,000

Permits and Processing…………………………………………………………….....$30,000

Builders Risk & Liability Insurance…………………………………………………...$200,000

Cost to Relocate Roof Condenser………………………………………………….......$3,500

Cost to Repair Stairway Door Issue…………………………………………………..$27,000

Documents and evidentiary material upon which such computations are based are located and accessible at 2300 Pennsylvania Avenue, LLC, 11951 Freedom Drive, 13th Floor, Reston, Virginia 20190 and/or Watt, Tieder, Hoffar & Fitzgerald, L.L.P., 8405 Greensboro Drive, Suite 100, McLean, Virginia, 22102.   Plaintiffs will make available for inspection all such discoverable, non-privileged documents within their care, custody or control, at a time and place mutually convenient to, and as agreed upon by, counsel.

The Owner reserves the right to supplement these disclosures as additional documents and information become known through discovery.

**Rule 26(a)(1)(D):**

> *For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the case or to indemnify or reimburse for payments made to satisfy the judgment.*

The Owner is currently unaware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered against the Owner or to indemnify or reimburse for payments made to satisfy such judgment.  The Owner reserves the right to supplement these disclosures as additional documents and information become known through discovery.

8