IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| **2300 PENNSYLVANIA AVENUE, LLC** | * | |
| Plaintiff/Counter-Defendant | * | |
| v. | * | Case No. 1:10cv1321-LOG-IDD |
| **HARKINS BUILDERS, INC.** | * | |
| Defendant/Counter-Plaintiff. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO SECOND AMENDED COMPLAINT

Harkins Builders, Inc. ("Harkins"), pursuant to Fed. R. Civ. P. 15, hereby submits the following Amended Answer to the Amended Complaint of 2300 Pennsylvania Avenue, LLC ("2300"), stating in support thereof as follows[1]:

### Rule 12(b) Defenses

Counts II, III, IV, V and VI fail to state claims upon which relief can be granted.

### Admissions and Denials

As to the allegations set forth in the Complaint, Harkins says:

1. Denied.

2-3. Admitted.

4. Admitted.

5. Denied.

6. Admitted that venue is proper in this district and division.

7-11. Admitted.

---

[1] Harkins' Counterclaim is not re-plead in this pleading pursuant to Fed. R. Civ. P. 15.

12. The Contract speaks for itself.

13-19. Denied.

20-22. The Contract speaks for itself.

23-30. Denied.

31. The responses to Paragraphs 1 through 30 are incorporated by reference.

32. Admitted.

33. Legal conclusion as to which no answer is required.

34-38. Denied.

39. Denied. *See* Sections 4.3 and 4.4 of the General Conditions of the Contract.

40. The responses to Paragraphs 1 through 39 are incorporated by reference.

41-42. Legal conclusions as to which no answer is required.

43-46. Denied.

47. Denied. *See* Sections 4.3 and 4.4 of the General Conditions of the Contract.

48. The responses to Paragraphs 1 through 47 are incorporated by reference.

49-50. Legal conclusions as to which no answer is required.

51-54. Denied.

55. Denied. *See* Sections 4.3 and 4.4 of the General Conditions of the Contract.

56. The responses to Paragraphs 1 through 55 are incorporated by reference.

57. Legal conclusion as to which no answer is required.

58-64. Denied.

65. Denied. *See* Sections 4.3 and 4.4 of the General Conditions of the Contract.

66. The responses to Paragraphs 1 through 65 are incorporated by reference.

67. Admitted.

68-69. Legal conclusion as to which no answer is required.

70-75. Denied.

76. Denied. *See* Sections 4.3 and 4.4 of the General Conditions of the Contract.

77. The responses to Paragraphs 1 through 76 are incorporated by reference.

78-80. Denied.

81-86. Denied as phrased.

87. Denied.

88. Denied as phrased.

89. Denied.

90. Denied.

91. Denied as phrased.

92. Denied as phrased.

93-99. Denied.

100. Denied. *See* Sections 4.3 and 4.4 of the General Conditions of the Contract.

Except as expressly admitted above, Harkins denies the allegations set forth in the Amended Complaint. Harkins further denies that 2300 is entitled to any of the relief requested.

**Affirmative Defenses**

Harkins asserts the following affirmative defenses:

(a) Estoppel. The facts upon which Harkins' affirmative defense of estoppel are based include, but are not necessarily limited to: 2300's failure to submit certain of its claims – including claims pertaining to the roof and replacement of the windows – to the architect as required by the contract and which has been specifically identified in its Answer above; 2300 agreed to allow remediation work to be performed on its windows in lieu of replacement; 2300 and the architect selected the testing agency and the testing

3

procedure; 2300 indicated that it was satisfied with the results of the tests; 2300, and not Harkins, selected the windows to be used at the project, which windows are now at issue; 2300 agreed that it would not require 100% testing of the remediated windows; 2300 never required a written modification to the contract – including a change order – prior to authorizing the window remediation work to commence, and at no time during the window remediation work did 2300 ever indicate such a document was necessary; and 2300 agreed it would not argue the date of substantial completion with Harkins;

      (b)     Waiver. All of the factual bases supplied in section (a) above pertaining to estoppel apply equally and provide support for Harkins' affirmative defense of waiver.

      (c)     Setoff and/or recoupement. The facts underlying Harkins' affirmative defense of setoff and/or recoupement are included within its counterclaim.

      (d)     Ratification and/or Acceptance. The facts upon which Harkins' bases its affirmative defense of ratification and/or acceptance include, but are not necessarily limited to: 2300 agreed to allow remediation work to be performed on its windows in lieu of replacement; 2300 and the architect selected the testing agency and the testing procedure; 2300 indicated that it was satisfied with the results of the tests; 2300 agreed that it would not require 100% testing of the remediated windows; 2300 never required a written modification to the contract – including a change order – prior to authorizing the window remediation work to commence, and at no time during the window remediation work did 2300 ever indicate such a document was necessary; and 2300 agreed it would not argue the date of substantial completion with Harkins.

      (e)     Mitigation of Damages. The facts underlying Harkins' affirmative defense of mitigation of damages are that to date 2300 has not removed and replaced either the windows or the roof. If 2300 argues at trial that it intends to do so, Harkins

should be able to present evidence of alternative costs for those construction elements, evidence which has been previously provided in discovery.

(f) Substantial Performance. The facts underlying Harkins' affirmative defense of substantial performance are that the evidence demonstrates that the window remediation work corrected defects but did not materially change the windows.

WHEREFORE, Harkins Builders, Inc. respectfully requests that the Second Amended Complaint be dismissed with prejudice and that judgment be entered in favor of Harkins.

Respectfully submitted,

BY:    /s/ Lucas F. Webster
         Lucas F. Webster, VSB No. 66056
         Huddles Jones Sorteberg & Dachille, P.C.
         10211 Wincopin Circle, Suite 200
         Columbia, Maryland 21044
         (301) 621-4120 (Telephone)
         (301) 621-4473 (Facsimile)
         webster@constructionlaw.com

**Attorneys for Defendant**
**Harkins Builders, Inc.**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the __5th__ day of June, 2011, a copy of the foregoing Answer to Second Amended Complaint was served, via the Court's electronic case filing system, upon:

          Vivian Katsantonis, Esquire
          Christopher Harris, Esquire
          Watt, Tieder, Hoffer & Fitzgerald, LLP
          8405 Greensboro Drive, Suite 100
          McLean, Virginia 22102
          vkatsant@wthf.com
          charris@wthf.com

          **Attorneys for Plaintiff/Counter-Defendant**
          **2300 Pennsylvania Avenue, LLC**


                                       /s/ Lucas F. Webster
                                       Lucas F. Webster